UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 13-60222-CR-HURLEY(s)

UNITED STATES OF AMERICA

vs.

BRADEN JAIRO ESCOBAR,

Defendant.
_____/

FILED by _____ D.C.

OCT -7 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and BRADEN JAIRO ESCOBAR (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to count 1 of the SUPERSEDING INFORMATION, which count charges the defendant with willfully engaging in the business of dealing in firearms without having first applied for and received a federal firearms dealer's license from the Attorney General or his delegate, and in the course thereof did ship and transport firearms in interstate commerce, in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a) and 924(a)(1)(D).

2. This Office agrees to seek dismissal of the indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office,

which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to 5 years, followed by a term of supervised release of up to 3 years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.00.

5. The defendant further understand and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the Court. The United States, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal

3

offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official

8. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

9. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 10/7/13       By: _____
                        MICHAEL WALLEISA
                        ASSISTANT UNITED STATES ATTORNEY

Date: 10/7/13       By: _____
                        JEFFREY VOLUCK, ESQ.
                        ATTORNEY FOR DEFENDANT

Date: 10/7/13       By: _____
                        BRADEN JAIRO ESCOBAR
                        DEFENDANT

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60222-CR-HURLEY(s)

FILED by _____ D.C.

OCT -7 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA - W.P.B.

UNITED STATES OF AMERICA,

v.

BRADEN JAIRO ESCOBAR,
                Defendant.
                                  /

### STIPULATED FACTUAL BASIS FOR PLEA

1.    Agents from the Bureau of Alcohol, Tobacco and Firearms (ATF) received information from law enforcement officers regarding the seizure of ten (10) firearms in Ecuador on March 22, 2013. The investigation conducted by your ATF and agents from Homeland Security Investigations, Immigration and Customs Enforcement, has shown that BRADEN JAIRO ESCOBAR resides in Guayaquil, Ecuador and frequently travels to Florida to make purchases of firearms and then returns to Ecuador following the purchase of the firearms where he then sells the firearms for a profit of 15% to 20%.

2.    On the dates below, BRADEN JAIRO ESCOBAR purchased the following firearms:

| Date | Location | Firearms |
|---|---|---|
| 09/06/10 | Guns & Knives Inc., Ft Lauderdale Fl | 4 rifles |
| 12/06/10 | Bass Pro Shop Outdoor World, Dania Fl | 2 rifles |
| 12/07/10 | Guns & Knives Inc., Ft Lauderdale Fl | 5 rifles |
|  |  | 1 shotgun |
| 2/24/10 | Guns & Knives Inc., Ft Lauderdale Fl | 1 pistol |
| 8/04/11 | Bass Pro Outdoor World Shop Dania, Fl. | 1 shotgun |
| 8/05/11 | Arizona Shooting Range in Ft Lauderdale, Fl. | 2 rifles |
| 11/14/11 | Arizona Shooting Range in Ft Lauderdale, Fl. | 6 rifles |
| 11/23/11 | Arizona Shooting Range in Ft Lauderdale, Fl. | 1 shotgun |
| 11/25/11 | Independence Arms Inc, Margate, Fl | 1 shotgun |
| 12/15/11 | Arizona Shooting Range in Ft Lauderdale, Fl. | 1 pistol |
|  |  | 3 rifles |
| 12/16/11 | Arizona Shooting Range in Ft Lauderdale, Fl. | 4 shotguns |
|  |  | 6 rifles |
| 12/16/11 | Independence Arms Inc, Margate, Fl | 1 shotgun |
|  |  | 7 rifles |
| 12/21/11 | Independence Arms Inc, Margate, Fl | 1 pistol |
| 5/10/12 | Independence Arms Inc, Margate, Fl | 5 shotguns |
|  |  | 4 rifles |
|  |  | 1 revolver |

| Date | Location | Items |
|---|---|---|
| 5/17/12 | Independence Arms Inc, Margate, Fl | 4 shotguns<br>10 rifles<br>1 pistol |
| 5/23/12 | Independence Arms Inc, Margate, Fl | 1 shotgun<br>5 rifles |
| 5/23/12 | Dick's Sporting Goods, Boynton Beach Fl | 2 shotguns |
| 11/20/12 | Independence Arms Inc, Margate, Fl | 6 shotguns<br>10 rifles |
| 11/20/12 | Dick's Sporting Goods, Boynton Beach Fl | 1 shotgun<br>1 rifle |
| 11/26/12 | Dick's Sporting Goods, Plantation Fl | 2 shotguns |
| 1/24/13 | Independence Arms Inc, Margate, Fl | 4 rifles |
| 1/29/12 | Independence Arms Inc, Margate, Fl | 1 shotgun<br>3 rifles<br>1 pistol |
| 01/27/13 | Dick's Sporting Goods, Clearwater Fl | 1 shotgun |
| 1/28/13 | Dick's Sporting Goods, Boynton Beach Fl | 1 shotgun<br>1 rifle |
| 1/29/13 | Dick's Sporting Goods, Plantation FL. | 3 shotguns |

3. On March 22, 2013, Ecuadorian authorities conducted an undercover operation for the purchase of (2) pistols that resulted in the execution of a search warrant at the residence of Michael ORTEGA-PENTACOST (18) firearms were recovered. According to DEA, ORTEGA-PENTACOST, U.S. citizen living in Ecuador was charged and detained for illegal possession and sale of firearms. Ten of the (18) firearms seized were traced back to BRADEN ESCOBAR as the original purchaser. ORTEGA-PENTACOST was indentified on several occasions as being present with Braden ESCOBAR for the gun purchases at Independence Arms Inc. in Margate, Florida. Listed below are the ten purchased firearms by Braden ESCOBAR that were recovered by Ecuadorian authorities.

Franchi 12 GA shotgun S/N T233591R purchased by Braden ESCOBAR on 12/16/11 at Arizona Shooting Range recovered in Guayaquil, Ecuador on 03/22/2013 by Ecuadorian authorities. (462 days elapse time)

Sauer & Sohn 7mm rifle S/N CR4291 purchased by Braden ESCOBAR on 11/16/12 at Independence Arms Inc recovered in Guayaquil, Ecuador on 03/22/2013 by Ecuadorian authorities. (124 days elapse time)

Franchi 12 GA shotgun S/N T233357R purchased by Braden ESCOBAR on 11/20/12 at Independence Arms Inc recovered in Guayaquil, Ecuador on 03/22/2013 by Ecuadorian authorities. (120 days elapse time)

Beretta 12 GA shotgun S/N AG120228 purchased by Braden ESCOBAR on 11/20/12 at Dick's Sporting Goods recovered in Guayaquil, Ecuador on 03/22/2013 by Ecuadorian authorities. (120 days elapse time)

Beretta 12 GA shotgun S/N BU63001 purchased by Braden ESCOBAR on 01/27/13 at Dick's Sporting Goods recovered in Guayaquil, Ecuador on 03/22/2013 by Ecuadorian authorities. (54 days elapse time)

Savage .22 caliber rifle S/N 1729379 purchased by Braden ESCOBAR on 01/28/13 at Dick's Sporting Goods recovered in Guayaquil, Ecuador on 03/22/2013 by Ecuadorian authorities. (53 days elapse time)

Benelli 12 GA shotgun S/N M779213U purchased by Braden ESCOBAR on 01/28/13 at Dick's Sporting Goods recovered in Guayaquil, Ecuador on 03/22/2013 by Ecuadorian authorities. (53 days elapse time)

Benelli 12 GA shotgun S/N M7799275K purchased by Braden ESCOBAR on 01/29/13 at Dick's Sporting Goods recovered in Guayaquil, Ecuador on 03/22/2013 by Ecuadorian authorities. (52 days elapse time)

4. On June 7, 2013, Barbara Zombek owner of Independence Arms Inc. in Margate, Florida contacted ATF concerning a Federal Express shipment she recently received at her business Independence Arms addressed to Braden ESCOBAR from Kilmanjaro Rifles in Honolulu, Hawaii which contained a Kilimanjaro 7mm-08REM caliber Tigercat rifle, serial number KM13367 which was to be picked up by ESCOBAR.

5. BRADEN JAIRO ESCOBAR was arrested on August 20, 2013 at the Miami International Airport upon his arrival from Ecuador. During his post arrest statements ESCOBAR admitted that he had resided in Ecuador for the past eight (8) years and operated a hunting/outfitter company in Ecuador. ESCOBAR admitted to purchasing firearms in Florida and shipping them to Ecuador disguised as fishing tackle. Escobar admitted that in the past ten (10) years he had purchased over 100 firearms in Florida that were illegally shipped from Miami and resold in Ecuador. Escobar stated that he made anywhere from 15% to 20% profit when he resold the firearms to friends and customers of his outfitting company.

6. Checks conducted by ATF revealed that at no time prior to his arrest had BRADEN JAIRO ESCOBAR obtained a Federal Firearms Dealers License.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: *Michael Walleisa*   10/7/13
MICHAEL WALLEISA
ASSISTANT UNITED STATES ATTORNEY

*Jeffrey Voluck*   DATE

JEFFREY VOLUCK, ESQ.   DATE 10/7/13
ATTORNEY FOR DEFENDANT,
BRADEN JAIRO ESCOBAR

*[signature: Braden Escobar]*

BRADEN JAIRO ESCOBAR
DEFENDANT

DATE Oct 7, 2013